NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JIMMIE L. MILLER,**
*Petitioner,*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2014-3061

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-10-0998-C-1.

---

Decided: June 5, 2014

---

JIMMIE L. MILLER, of Memphis, Tennessee, pro se.

ELIZABETH ANNE SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and CLAUDIA BURKE, Assistant Director.

---

Before PROST,[*] *Chief Judge*, BRYSON and DYK, *Circuit Judges.*

PER CURIAM.

Jimmie L. Miller appeals from a final decision of the Merit Systems Protection Board ("Board") denying his petition for review of the Board's May 30, 2013 initial decision. *Miller v. Dep't of Veterans Affairs*, No. AT-0752-10-0908-C-1 (M.S.P.B. Nov. 25, 2013) ("*Final Order*"). For the reasons that follow, we affirm.

## BACKGROUND

Mr. Miller previously held the position of Housekeeper Aid at the Veterans Administration ("VA") Medical Center in Memphis, Tennessee. On July 29, 2010, Mr. Miller appealed the VA's decision to remove him effective February 20, 2009. During the course of that litigation, the parties reached a settlement agreement. *See* J.A. 40-42. The agreement provided that Mr. Miller's removal would be held in abeyance for one year and Mr. Miller would be reinstated to his previous position, pay grade and step. J.A. 40. Additionally, it said:

> Mr. Miller will be returned to work on the 4pm to 12am (evening) workshift until he completes his spring semester in school on or about May 2011. If Mr. Miller satisfactorily performs all of his duties during this period ending May 2011, the Agency will consider placement on the evening shift.

J.A. 41. After the settlement agreement went into effect, the VA kept Mr. Miller on the evening shift for two years,

---

[*]    Sharon Prost assumed the position of Chief Judge on May 31, 2014.

but then announced its intention to move him to the day shift in July 2013.  *See* J.A. 25.

On March 20, 2013, Mr. Miller filed a petition for enforcement of the settlement agreement, alleging that the VA breached the agreement by taking him off the night shift and by not considering him for permanent placement on the night shift.  *See* J.A. 36-37.  He alleged that he was harmed by these actions because he needs to remain on the night shift in order to complete his coursework for a Medical Assistant Program.  J.A. 37.  The administrative judge ruled that the VA had complied with the settlement agreement, which only required the agency to keep Mr. Miller on the night shift through May 2011.  *Miller v. Dep't of Veterans Affairs*, No. AT-0752-0908-C-1 (M.S.P.B. May 30, 2013).  Mr. Miller appealed that decision to the Board, which affirmed the administrative judge's initial decision. *Final Order* at 3.

Mr. Miller timely appealed the Board's final order. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited by statute. Under 5 U.S.C. § 7703(c), we may only reverse a Board decision if we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence.  *Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1278 (Fed. Cir. 2011).

In his informal brief, Mr. Miller's only allegation is that "there are strong fact[s] that show that the settlement agreement was breach[ed]."  Pet'r Br. 2.  Thus, he appears to be arguing that the Board's decision was unsupported by substantial evidence.  However, he does not identify any specific facts that he believes undermine the Board's decision.  He has therefore not met his burden

of establishing that the Board's conclusion was unsupported by substantial evidence.

To the contrary, we find that substantial evidence supports the Board's determination that the VA did not breach the settlement agreement. Indeed, the settlement agreement required only that Mr. Miller be retained on the evening shift until May 2011, after which time the agency would "consider" placing him on the evening shift. Consistent with that requirement, the VA retained Mr. Miller on the evening shift until May 2011 and for a full two years beyond that time. Furthermore, the record reflects that in May 2013, the agency *did* consider whether it could retain Mr. Miller in that capacity, but concluded that it no longer had a need for a night-time shift for his position. J.A. 25. Thus, the VA fully complied with its obligations under the settlement agreement.

## CONCLUSION

For the foregoing reasons, we conclude that the Board did not err in concluding that the VA had complied with the terms of the settlement agreement. Accordingly, we affirm.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.